IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
VICINAGE OF TRENTON

| | |
|---|---|
| JIHBIN HWANG | : |
| Plaintiff, | : |
| | : CIVIL ACTION NO. |
| v. | : |
| | : **FILED ELECTRONICALLY** |
| | : |
| BEN POBICKI, CHRISTINE DESOMMA, | : **COMPLAINT AND JURY DEMAND** |
| and TOWNSHIP OF PISCATAWAY | : **CIVIL RIGHTS ACTION** |
| Defendants | : **(42 U.S.C. § 1983)** |
| | : |

Plaintiff by way of complaining against the above named defendantS alleges the following:

1. The plaintiff is the owner of a single family house located at 615 Roosevelt Avenue, Piscataway Township, New Jersey (the house).

2. The house is about 4,000 square feet of living space consisting of five bedrooms, four bathrooms, living room, family room, kitchen, laundry room and a 3 car garage.

3. The plaintiff as a retired educator and his family occupy four of the bedrooms and rent out a spare bedroom to supplement his income.

4. Defendant, Ben Pobicki is the Supervisor MCCO & Code Enforcement officer of Piscataway Township.

5. Defendant, Christine DeSomma is the Junior Office Assistant of the Housing Certificate of Occupancy Office of Piscataway Township.

6. Defendant Township of Piscataway is a municipality with offices located at 455 Hoes Lane, Piscataway, New Jersey 08854.

7. On August 12, 2025, the plaintiff received from the defendant a violation notice alleging that "You are hereby notified that a code official inspected the above referenced premises and determined that there is a violation of the municipal code."

8. The violation notice listed the following violations: § 21-601 running an illegal boarding house in a residential zone, § 16-11.5 failure to register as a landlord with the township, and § 14-4.3 an MCCO inspection is required prior to any tenants moving in.

9. The defendant's inspection of the premises was conducted without the plaintiff's consent, knowledge or court order.

10. Despite the unauthorized inspection by the defendant, the plaintiff submitted landlord registration application, rental property application, lease, insurance and paid the required fees seeking to resolve the issues.

11. The plaintiff was informed by the defendant via email on August 21, 2025 that "you cannot rent individual rooms in a single family house and you cannot live in the rental property with the tenant."

12. Defendant's ordinance barring the plaintiff, the owner of a single family house from renting a spare room is arbitrary, capricious and reasonable and serves no public interest.

13. Defendant's restriction on the plaintiff's choice on whom he can live with is also arbitrary, capricious and unreasonable and serves no public interest.

14. Defendants' unauthorized inspection of the plaintiff's premises violates the Plaintiff's constitutional right to be free from unreasonable searches under the Fourth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983-1986; the New Jersey State Constitution, and the New Jersey Civil Rights Act.

15. Defendants' enforcement of restrictions prohibiting the owner of a single family house from renting a spare room and living in a property with a tenant violates the Plaintiff's constitutional rights to ownership, association, use, enjoyment and disposal of its private property under the First, Fifth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983-1986; the New Jersey State Constitution, and the New Jersey Civil Rights Act.

16. Piscataway Municipal Code § 21-601, § 16-11.5, and § 14-4.3 violate plaintiff's fundamental right to privacy, property, due process and equal protection and are not narrowly tailored to achieve a compelling governmental interest.

17. This case arises under the United States Constitution and 42 U.S.C. Sections 1983 and 1988, as amended. This is a civil action under 42 U.S.C. § 1983-1986 seeking damages and injunctive relief against Defendants for committing acts, under color of law, with the intent and for the purpose of depriving Plaintiff of rights secured under the Constitution and laws of the United States, the New Jersey State Constitution and the New Jersey Civil Rights Act.

18. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 1343. Declaratory and injunctive relief sought is authorized by 28 U.S.C. Sections 2201 and 2202, 42 U.S.C. § 1983 and Rule 57 of the Federal Rules of Civil Procedure. With respect to claims set forth herein, based on violation of the New Jersey Constitution, this Court has supplemental jurisdiction under 28 U.S.C. §1367.

19. This Court is an appropriate venue for this cause of action pursuant to 28 U.S.C. 1391(b)(1) and (b)(2). New Jersey law applies to all claims set forth in this Complaint as the Defendant is a resident of or is located in the State of New Jersey in which the district is located; the actions complained of took place in this judicial district; evidence relevant to the allegations are located in this judicial district. No other forum would be more convenient for the parties and witnesses to litigate this action.

Wherefore, plaintiff request this court to grant the following reliefs:

1. Declare the defendant's restriction prohibiting the owner of a single family house from renting out spare room(s) unconstitutional and unenforceable.

2. Declare the defendant's restriction prohibiting an owner from living in a property with a tenant unconstitutional and unenforceable.

3. Declare Piscataway Municipal Code § 21-601, § 16-11.5, and § 14-4.3 unconstitutional and unenforceable.

4. Judgment against the defendant for financial loss.

5. Such other reliefs as the court shall deem just and equitable.

_____
Cynthia Hwang, Esq.
LAW OFFICE OF CYNTHIA M. HWANG, ESQ., LLC
615 Roosevelt Avenue
Piscataway, New Jersey 08854
T: (732) 668-7457
cynthiahwanglawoffice@gmail.com

August 23, 2025

## JURY TRIAL

Jury trial is hereby demanded on all issues so triable.

_____
Cynthia Hwang, Esq.

August 23, 2025

## CERTIFICATION

I hereby certify that to the best of my knowledge, information and belief, the within matter is not the subject of any other action pending in any court or the subject of a pending arbitration proceeding, and no other parties known to the plaintiff at this time should be joined.

_____
Cynthia Hwang, Esq.

August 23, 2025